Nott, Ch. J.,
delivered the opinion of the court:
Since the decision in this case (38 C. Cls. R, 662) the defendants have moved for a new trial upon- the ground that the court erred “ in refusing to enter into an- examination of the patent and the state of the art, and to contrue the said patent.” The court has duly considered the elaborate brief with which the motion was submitted, but remains of the opinion that the facts relied upon do not constitute a defense, and that a consideration of them is not property admissible in an action founded, like this, upon an express contract.
The contract upon which this action is brought is something more than a naked license under a patent. It bound the claimant to disclose the “ formulse for the' compounds .used and employed in the application of the Harvey process ; ” it reserved payment in full until “ said process shall have been tried and found to be efficient, and, in the judgment of the Secretary of the Nav}', of satisfactory value.” It required the claimant to covenant and agree “ that it will hold and save harmless, and at its own risk and expense defend the United States from and against all and every *299 demand or demands for the payment of any sum or sums of money in excess of the aforesaid sum of $96,056.46 as royalty for or on account of the use and employment of said process in the treatment of armor plates under this agreement, or of the armor plates manufactured in accordance therewith, and from .and against all and every demand or demands for or on account of any infringement or alleged infringement of patented rights appertaining to said process or plates.” It bound the claimant to “ furnish full and complete information regarding the composition of the compounds employed in the Harvey process, and the application of the same.” It also bound the claimant to “ impart to the party of the second part all information concerning any and all improvements which said party of the first part may, at any time in the future, make in or upon said process ” with the “ right to adopt and use and employ* any or all of such improvements in said process ” “ without the payment of any compensation or royalty therefor.”
It is beyond question that the claimant has fully complied with all of the obligations of the contract, and it is also beyond question that the defendants have received all the benefits which they desired from the use of the process and more than their officers expected. The defense rests upon the exceedingly narrow -and technical ground that while both parties supposed they were employing the process as described in the letters patent, they, in a matter of temperature, deviated from the strict letter of its' description. The court, is by no means satisfied, as a matter of fact, that there was such a deviation; but whether there was or not it was unquestionably trivial. The process intended to be described in the patent and supposed to be described in the patent was employed, and the results, as before stated, were all that the defendants’ officers desix-ed and more than they expected.
In the opinion of the court, the contract entitled the defendants to a disclosure of the inventor’s process, to his instructions and assistance in the practical application of the patent, and to use the process little or much, in whole or in part.
Apart from the question of estoppel the defendants, in *300 the opinion of the court, have received all that they bargained for and are not entitled to set up their deviations, if any, from the specifications of the patent as a defense.
Moreover, the defendants still hold, under the same contract, the claimant’s obligation to impart to them “ all information concerning any and all improvements which said party of the first part may at any time in the future make in or upon said process,” and “ the right to adopt and use and employ any or all of such improvements in said process ” “ without the payment of any compensation or royalty therefor.”
If a man should hire a horse of another at so much a day, and having ridden it as much as he pleased should refuse to pay anything on the ground that he had not used it a day, but only nine-tenths of a day, there is no court tlig.1t would for a moment listen to such a defense. The Government’s defense in this case is not so plain as in the 'one supposed, but it is of the same character.
The defendants’ motion for a new trial is overruled.
WRiGi-iT, J., dissented 'for the reasons given in his opinion 38 C. Cls. R., 668.
I-Iowry, J., did not sit in this case.